UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| MICHAEL R. COLYER<br>4553 Matson Ave.<br>Cincinnati, OH 45236<br><br>    Plaintiff,<br><br> v.<br><br>J.W. HARRIS CO., INC. A/K/A THE<br>HARRIS PRODUCTS GROUP<br>4501 Quality Place<br>Mason, OH 45040<br>c/o Statutory Agent<br>C T Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>LINCOLN ELECTRIC COMPANY<br>22801 Saint Clair Ave.<br>Cleveland, OH 44117-1199<br>c/o Statutory Agent<br>C T Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>    Defendants. | Case No. 01:21-cv-0023<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Michael R. Colyer, complaining of Defendant J.W. Harris Co., Inc. a/k/a The Harris Products Group and Defendant Lincoln Electric Company, states as follows:

## PARTIES

1. Plaintiff Michael R. Colyer ("Plaintiff") is a resident of the State of Ohio and a citizen of the United States.

1

2. Defendant J.W. Harris Co., Inc. a/k/a Harris Products Group ("Defendant" or "J.W. Harris") is a corporation doing business in Ohio with its principal place of business in Ohio.

3. Defendant Lincoln Electric Company ("Defendant" or "Lincoln Electric") is a corporation doing business in Ohio with its principal place of business in Ohio.

4. J.W. Harris Co., Inc. and Lincoln Electric Company ("Defendants") are employers under federal and Ohio law and are jointly liable for the claims brought in this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), Count III arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended ("ADEA"), and Count V arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, *et. seq.* ("FMLA").

6. Plaintiff timely filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation under the ADEA and the ADA.

7. Plaintiff did not file a charge of discrimination with respect to his claim for age discrimination under Ohio R.C. Chapter 4112.

8. Plaintiff received a Dismissal and Notice of Rights from the EEOC on the above-referenced Charge, and this complaint is filed within 90 days of his receipt of the dismissal.

9. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367, because they arise out of the same set of operative facts as those relevant to Counts I, III, and V so as to make them part of the same case in controversy.

10. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because Plaintiff was employed by Defendants in this division and district, and a substantial part of the events giving rise to these claims occurred in this division and district.

## FACTUAL ALLEGATIONS

11. Plaintiff is 48 years old.

12. Plaintiff was employed at J.W. Harris for 24 years, between May 1995 and July 2019.

13. Plaintiff has a history of multiple disabilities in 2018 and 2019, including a long-term intestinal hernia injury that substantially limited his ability to lift and digest, a long-term musculoskeletal elbow injury that substantially limited his ability to complete manual tasks and lift, and diabetes that substantially limits proper functioning of the endocrine system.

14. Defendant J.W. Harris Co., Inc. does business as The Harris Products Group and is a designer, developer and manufacturer of gas welding and cutting equipment, industrial and specialty gas regulation equipment, gas distribution systems, and brazing, soldering, and welding alloys and is wholly owned and managed by Defendant Lincoln Electric Company.

15. Lincoln Electric Company designs, develops, and manufactures welding products, automated joining, assembly and cutting systems, plasma and oxy-fuel cutting equipment, and brazing and soldering alloys.

16. Defendants operate as a single employer. Their operations are interrelated, they share common management, have centralized human resources functions, and share common

ownership.

17. Lincoln Electric touts J.W. Harris as a "Lincoln Electric Company" and promises potential employees that its workforce will benefit from the knowledge base of all its companies, including J.W. Harris specifically.

18. J.W. Harris job postings soliciting external applicants refer specifically to and describe both Defendants.

19. Plaintiff was a loyal and dedicated employee of Defendants and was fully qualified for his positions at all times.

20. Plaintiff's last position with Defendants was the J.W. Harris facility in Mason, Ohio as a Production Lead II.

21. Plaintiff was injured with a severe hernia in June 2018 that rendered him temporarily unable to do his job.

22. Plaintiff took FMLA leave approved by Defendants to recover from the hernia after he informed management and human resources of his injury and need for leave according to their policies.

23. Plaintiff's diabetes rendered him temporarily unable to perform his job, so he took FMLA leave approved by Defendants from November 8, 2018 through December 20, 2018, after he informed management and human resources of his condition and need for leave according to their policies.

24. Plaintiff injured his elbow and was temporarily unable to do his job, so he took FMLA leave approved by Defendants from April 16, 2019 to June 1, 2019, after he informed management and human resources of his injury and need for leave according to their policies.

25. Plaintiff's doctor cleared him to return to work with restrictions on this physical activity after his 2019 FMLA leave.

26. At no time in 2019 did Defendants tell Plaintiff that his performance was not satisfactory.

27. Within 6 weeks of Plaintiff returning to work from medical leave, Defendants terminated his employment, claiming it eliminated Plaintiff's position due to a reduction in force.

28. During his termination meeting with Operations Director Leandro Calcada and Human Resources Director Ragina Mullucey, Plaintiff asked about whether other positions were available, but they would not discuss any positions and proceeded with the termination.

29. J.W. Harris's President David Nangle, who was visibly involved in the reduction in force, is also an Executive Vice President of Lincoln Electric.

30. Mullecey and other J.W. Harris employees uses Lincoln Electric email addresses, Calcada describes J.W. Harris publicly as "part of Lincoln Electric," and J.W. Harris employees are given Lincoln Electric performance reviews.

31. Within a week after Plaintiff's termination, Defendants posted positions for which Plaintiff was fully qualified.

32. On September 12, 2019, Defendants posted an advertisement for his position, Production Lead II.

33. Plaintiff was one of at least five employees whom Defendants terminated or harassed into resignation in 2019 who were older and/or took time off for serious health conditions.

34. The two oldest Production Leads, including Plaintiff, were terminated in the reduction in force in July 2019, as was Plaintiff's 53-year-old supervisor, who was terminated in lieu of two supervisors in their thirties.

35. Plaintiff's disabled son, who took medical leave for his disability, was also terminated after Plaintiff told the company in writing that Plaintiff's termination was discriminatory.

36. Defendants engage in a pattern and practice of retaliation and interference with employees who exercise their FMLA rights.

37. Defendants engage in a pattern and practice of discrimination of age discrimination.

38. Defendants engage in a pattern and practice of disability discrimination and retaliation for requesting reasonable accommodations such as restrictions and medical leave.

## COUNT I

### (Disability Discrimination & Retaliation – ADA)

39. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40. Plaintiff was fully qualified for his position at all relevant times.

41. At all relevant times, Plaintiff was disabled by and had a record of long-term or permanent medical conditions that substantially limited multiple major life activities.

42. Plaintiff notified Defendants of his disabilities and requested accommodation in the form of restrictions on his physical activity, and time off of work, none of which posed an undue hardship to Defendants.

43. Defendants discriminated against Plaintiff because of his disabilities and retaliated against him for requesting accommodations and alleging discrimination by terminating his employment and treating him less favorably than non-disabled people.

44. Defendants' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

45. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief under the ADA.

## COUNT II

### (Disability Discrimination & Retaliation – O.R.C. Chapter 4112)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff was fully qualified for his position at all relevant times.

49. At all relevant times, Plaintiff was disabled by and had a record of long-term or permanent medical conditions that substantially limited multiple major life activities.

50. Plaintiff notified Defendants of his disabilities and requested accommodation in the form of restrictions on his physical activity and time off from work, none of which posed an undue hardship to Defendants.

51. Defendants discriminated against Plaintiff because of his disabilities and retaliated against him for requesting accommodations and complaining of discrimination by terminating his employment and treating him less favorably than non-disabled people.

52. Defendants' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief under Ohio Revised Code Chapter 4112.

## COUNT III

### (Age Discrimination – ADEA)

54. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

55. Plaintiff is over 40 years old.

56. Plaintiff was fully qualified for his position at all relevant times.

57. Defendants discriminated against Plaintiff because of his age by terminating his employment and treating him less favorably than younger people.

58. Defendants' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief under the ADEA.

## COUNT IV

### (Age Discrimination – O.R.C. Chapter 4112)

60. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

61. Plaintiff is over 40 years old.

62. Plaintiff was fully qualified for his position at all relevant times.

63. Defendants discriminated against Plaintiff because of his age by terminating his employment and treating younger people more favorably than him.

64. Defendants' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has

suffered injury and damage, and he is entitled to relief under Ohio Revised Code Chapter 4112.

## COUNT V

### (FMLA Interference/Retaliation)

66. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

67. Plaintiff had serious health conditions that rendered him temporarily unable to perform his job.

68. Plaintiff exercised his right to FMLA leave as a result of his serious health conditions by properly notifying Defendants of his need for medical leave and by taking medical leave that Defendants approved and for which he was qualified.

69. Defendants interfered with Plaintiff's FMLA rights, including by retaliating and discriminating against him for exercising his right to FMLA leave, by terminating his employment and treating him and others who took FMLA leave less favorably than people who did not take FMLA leave.

70. Defendants' conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief under the FMLA.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) That Plaintiff be reinstated to his employment;

(b) That Defendants be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all lost pay and benefits, and front pay;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded pre- and post-judgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and

(j) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
THE TUCK FIRM, LLC
810 Sycamore St., 4th Floor
Cincinnati, OH 45202
Ph: 513.545.6781 / Fax: 513.293.9081
*lisa@tuckfirm.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck